SAN FERNANDO COPPER MINING & REDUCTION CO. v. HUMPHREY.

(Circuit Court, S. D. California, S. D.  November 1, 1901.)

No. 980.

DISCOVERY—INSPECTION OF DOCUMENTS UNDER STATUTE—REQUISITES OF APPLICATION FOR ORDER.

To entitle a party to an order for the inspection of entries of accounts in any book or of any document or paper in the possession of the adverse party under Cal. Code Civ. Proc. § 1000, the application therefor must describe the book, paper, or document of which an inspection is desired with such particularity as to advise the adverse party of what is required, and to enable the court to determine the propriety of allowing the inspection sought, and it must also be made to appear that the book, document, or paper is competent evidence, and material to some issue involved in the action.

On Motion for Inspection of Books and Papers.

H. C. Dillon, George A. Corbin, and Henry J. O'Brien, for complainant.

Oscar A. Trippet, for defendant.

WELLBORN, District Judge.  Section 1000 of the Code of Civil Procedure of California, on which defendant bases his alleged right to the order applied for, is as follows:

"Sec. 1000. Any court in which an action is pending, or a judge thereof may, upon notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of entries of accounts in any book, or of any document or paper in his possession, or under his control, containing evidence relating to the merits of the action, or the defense therein. If compliance with the order be refused, the court

may exclude the entries of accounts of the book, or the document, or paper from being given in evidence, or if wanted as evidence by the party applying, may direct the jury to presume them to be such as he alleges them to be; and the court may also punish the party refusing for a contempt. This section is not to be construed to prevent a party from compelling another to produce books, papers, or documents when he is examined as a witness."

The phraseology of this section contemplates, and decisions of the courts on similar statutes show, two things essential to the order provided for in said section, namely: First, the application for the order must describe the book, paper, or document of which the party desires an inspection with such particularity as to advise the adverse party of what is required, and to enable the court to determine the propriety of allowing the inspection sought (6 Enc. Pl. & Prac. p. 802); second, it must be made to appear that the book, document, or paper is competent evidence, and material to some issue involved in the action (Ex parte Clarke, 126 Cal. 235, 58 Pac. 546, 46 L. R. A. 835, 77 Am. St. Rep. 176). The notice in the present case does not purport to describe any book or document wanted, except "the assignment alleged to have been made by the San Fernando Copper Mining & Reduction Company to the plaintiff." There is evidently a mistake in this attempted description, because the company named is itself the plaintiff. That description, therefore, is ineffectual. The references in the notice to the other books, documents, and papers desired are too general to admit of an order for their inspection. Moreover, there is no showing as to the competency or materiality of any of the books, papers, and letters sought to be inspected. The allegations of the complaint in regard to certain assignments and letters would probably, as to them, be a sufficient prima facie showing in the respects mentioned, if such assignments and letters were otherwise properly called for.

The pending motion will be denied, without prejudice, however, to the defendant's right to renew his application, if he shall be advised so to do.